*783 OPINION.
Maequette:
The question here presented is, Did Thomas Burke receive in 1921 a taxable gain from the liquidation of the Barber Manufacturing Co., and if so, how much?
The respondent’s argument is that because Burke began conducting the business as an individual enterprise on January 1, 1921, and because there is some indefiniteness as to the exact date of delivery of the deed transferring the real estate from the company to Burke, therefore the property was actually received by Burke in 1921. We do not think the record sustains this contention. There is not one syllable in the evidence to indicate that Burke received the property in 1921. The deed transferring the real estate was executed by the company on December 15, 1920. It had been prepared by one O’Donnell, an attorney, who testifies as follows:
Q. I now hand yon another paper, Mr. O’Donnell, will you state what it is?
A. A deed of the land and buildings on Perkins Street and Pawtucket Street in Dowell, from the Barber Manufacturing Company to Thomas Burke, dated December 15, 1920; attached to it is a copy of the vote authorizing the transfer to the said Thomas Burke from Barber Manufacturing Co., of the land and buildings as described in the deed.
Q. The vote evidencing the action of the stockholders attached to that paper was prepared by you?
A. In this office under my direction.
Q. When was it prepared?
A. On December 15, 1920.
Q. Was Mr. Thomas Burke the sole stockholder present?
A. He was the only one present, and he told me that he was the sole stockholder.
Q. And that was the minute of the vote taken December 15, 1920, as the legal basis for your effecting the sale of the real estate?
A. It was.
Q. It was recorded when?
A. The deed shows the 5th day of March, 1923.
Q. Was there any reason for the delay?
A. I do not know. It was not recorded by us, it was given to Mr. Buske.
At that time Burke owned every share of the capital stock of the Barber Company. He was the only stockholder at the meeting on December 15th; he executed the deed as an officer of the company; the deed ran to him as an individual; it was turned over to him by the attorney who prepared it. The only reasonable view, in our opinion, is that when Burke, as an officer of the company, and pursuant to a vote of the company, executed the deed to himself, as an individual, he then and there made delivery of the deed from the company to himself as grantee, and thereafter retained it in that papacity.
*784 In our findings of fact we have determined that the bill of sale transferring the personal property from the Barber Manufacturing Co. to Burke, was executed and delivered on December 28, 1920. It is quite apparent, therefore, that the liquidation of the company’s assets was completed and that Burke as an individual received them, prior to January 1, 1921.
The alleged receipt of the property by Burke in 1921 was the sole basis for the respondent’s deficiency notice. As the evidence contradicts that theory, it follows that the determination was erroneous and should be set aside.

Judgment will be entered for the 'petitioner.